UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

RUSSELL CLOUGH,

                        Plaintiff,

           -against-

THE CITY OF NEW YORK, DETECTIVE EDWARD VELARDI, Shield No. 712, DETECTIVE JONATHAN JORDAN, Shield No. 2824, POLICE OFFICER JOSEPH GARONE, Shield No.: 5659, and JOHN and JANE DOE 1 through 4, Individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.

-----------------------------------------------------------x

COMPLAINT

CV 12 - 2581

Jury Trial Demanded

VITALIANO, J.

GOLD, M.J.

Plaintiff, RUSSELL CLOUGH, by his attorney, EDWARD FRIEDMAN, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S. §§ 1983 and 1988 for violation of the plaintiff's civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff RUSSELL CLOUGH is a legal resident of the United States and a resident of the State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the defendants, DETECTIVE EDWARD VELARDI, DETECTIVE JONATHAN JORDAN, POLICE OFFICER JOSEPH GARONE and JOHN and JANE DOE 1 Through 4 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the officials rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12. Each and all of the acts to be alleged herein were done by said individuals while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On May 7, 2011 plaintiff was a passenger in a motor vehicle stopped at a red light at Marcus Garvey Boulevard and Park Avenue, in Kings County, City of New York.

14. At the aforesaid time and place, the plaintiff was arrested for possession of marijuana and taken to the 81st Precinct, and subsequently to holding cells at 275 Atlantic Avenue (Brooklyn House) on May 7, 2011.

15. Plaintiff was placed, with his hands handcuffed behind his back, into pre-search holding cell #5 at the Brooklyn House by defendants JORDAN AND VALARDI.

16. Pre-search holding cell #5 is a temporary holding pen for prisoners who have not been searched prior to their arraignment in court.

17. Plaintiff was placed into this cell with several other prisoners who were not

3

handcuffed.

18. Five minutes after he was placed in the cell, a prisoner, Daquan Brown who was not cuffed approached plaintiff and put his hands in plaintiff's back pocket and took out a pair of shoelaces.

19. The plaintiff told this prisoner to keep his hands out of his pockets. The prisoner responded "what are you going to do to stop me."

20. Another prisoner, Shawn Campbell, approached plaintiff and told him he didn't like that he told the other prisoner, Daquan Brown to get his hands out of his pockets.

21. Shawn Campbell then punched plaintiff, who was unable to defend himself, in the face causing serious physical injury.

22. The assault and battery occurred while plaintiff was handcuffed and in the view of the defendants.

23. The plaintiff was then taken out of pre-search cell 5 and placed in an adjacent cell where he waited for 3 hours before he was taken to Long Island College Hospital.

24. Plaintiff was treated at the hospital and then brought back to the Brooklyn Central Booking holding area.

25. Plaintiff's prisoner movement slip was marked "medical walkthrough/no inmate contact."

26. Despite what was written on plaintiff's movement slip and his frequent and

4

desperate objections, he was put into a cell crowded with prisoners.

27. Daquan Brown, the prisoner who instigated the first assault on plaintiff and another prisoner surrounded plaintiff and started hitting and punching him.causing further serious injury to plaintiff.

28. As a result of the foregoing, plaintiff, RUSSELL CLOUGH sustained, *inter alia*, physical injury including a broken nose, fractured maxillary sinus and acute sinusitis, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C.§1983)

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "28" with the same force and effect as if fully set forth herein.

30. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State law.

31. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Eighth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. §1983 in that the defendants willful conduct evinced a deliberate and willful indifference to his safety and well-being.

32. The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police offices, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

34. Defendants, collectively and individually, while acting under color of State law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35. As a result of the aforementioned culpable conduct of defendants, plaintiff RUSSELL CLOUGH was injured.

## AS AND FOR A SECOND CAUSE OF ACTION
(Supervisory Liability Under 42 U.S.C. §1983)

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs number "1" though "35" with the same force and effect as if fully set forth herein.

37. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

38. As a result of the aforementioned conduct of defendants, plaintiff RUSSELL CLOUGH was injured.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure To Intervene Under 42 U.S.C. §1983)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in parag0raphs number "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants had an affirmative duty to intervene on behalf of plaintiff RUSSELL CLOUGH, whose constitutional rights were being violated in their presence.

41. The defendants failed to intervene to prevent the unlawful conduct described herein.

42. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was assaulted and battered, put in fear of his safety, and he was humiliated and subjected to severe physical injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Municipal LiabilityUnder 42 U.S.C. §1983)

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

45. The aforementioned customs, policies, usages, practices, procedures and rules

of the City of New York Police Department included, but were not limited to, a de facto blanket policy, custom or practice of failing to safeguard the health and well-being of prisoners held in their custody. In Addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff RUSSELL CLOUGH's rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

46. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff RUSSELL CLOUGH.

47. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

48. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

49. As a result of the foregoing customs, policies, usages, practices, procedures

and rules of the city of new York and the New York City Police Department, plaintiff's safety and well-being were deliberately and willfully disregarded by defendants.

50. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

51. All of the foregoing acts by defendants deprived plaintiff RUSSELL CLOUGH of federally protected rights, including, but not limited to, the right:

   A. To be free from assault and battery while in the custody of agents of the City of New York

   B. To be free from the use of violence by others and/or the failure to intervene.

52. As a result of the foregoing, plaintiff RUSSELL CLOUGH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants I an amount to be fixed by a jury.

## Supplemental State Law Claims

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

9

55. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

56. The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

57. Plaintiff has complied with all conditions precedent to maintaining the instant action.

58. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Negligence)

59. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. The plaintiff RUSSELL CLOUGH was assaulted, battered and severely injured while under the custody and control of the individual defendants

61. Defendants failed to exercise the necessary care in providing a safe environment for plaintiff while he was in their custody.

62. As a result of the aforementioned conduct of the defendants, plaintiff suffered physical and emotional injuries, including a fractured nose.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Negligent Screening, Hiring and Retention Under the Laws of the State of New York)

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the detention of plaintiff RUSSELL CLOUGH.

65. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Negligent Training and Supervision Under the Laws of the State of New York)

66. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. Upon information and belief the defendant City of New York through its agents and employees who were acting withing the scope of their employment failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff RUSSELL CLOUGH.

## AS AND FOR A EIGHTH CAUSE OF ACTION
*(Respondeat Superior* Liability Under the Laws of the State of New York)

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

70. As a result of the foregoing, plaintiff RUSSELL CLOUGH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

WHEREFORE, plaintiff demand judgment and prays for the following relief, jointly and severally, against the defendants:

A. Full and fair compensatory damages in an amount to be determined by a jury;

B. Punitive damages in an amount to be determined by a jury;

C. Reasonable attorney's fees and the costs and disbursements of their actions; and

D. Such other and further relief as appears just and proper.

Dated:  Brooklyn, New York
       May 8, 2012

EDWARD FRIEDMAN (EDF 4000)
Attorney for Plaintiff
26 Court Street - Suite 1903
Brooklyn, New York   11242
(718) 852-8849